WAYNE R. GROSS, State Bar No. 138828
  *WGross@GGTrialLaw.com*
BRIAN L. WILLIAMS, State Bar No. 227948
  *BWilliams@GGTrialLaw.com*
JEMMA E. DUNN, State Bar No. 258454
  *JDunn@GGTrialLaw.com*
DANIEL S. CHA, State Bar No. 260256
  *DCha@GGTrialLaw.com*
EMILY N. MALLOCH, State Bar No. 329264
  *EMalloch@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Plaintiff Zaine Hahn

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ZAINE HAHN,<br><br>      Plaintiff,<br><br>     v.<br><br>SOUTHWEST AIRLINES, CO.,<br><br>      Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Zaine Hahn hereby alleges as follows:

## INTRODUCTION

1.     Long before the sexual assault of Zaine Hahn ("Plaintiff") on a Southwest flight in July 2022, the problem of in-flight sexual assault was well known to the airline industry although not to the general public. In 2018, the FBI issued a public advisory in which FBI Special Agent Caryn Highley explained that "[t]here is a perception on an airplane that you're in a bubble of safety," but that perception is false. To the contrary, the public advisory reported a substantial

increase in the number of reported[1] in-flight sexual assaults. This is particularly the case when passengers find themselves in a dark cabin and close-quarter seating. Tempted by the opportunity, adult male perpetrators, often seated close to or in an aisle seat, victimize women and minor passengers in the middle or window seat. Such victims often report waking up to their seatmate's hands inside their clothing or underwear. To make matters worse, the offender, who is closer to or on the aisle, effectively barricades the victim so that he or she will have to get past the perpetrator to get out. FBI Special Agent David Gates, who in 2018 was based at Los Angeles International Airport and regularly investigated these cases, observed, "We see the same pattern of behavior over and over again."

2.    Although defendant Southwest Airlines Co. ("Southwest") has publicly committed to fostering "a culture of safety and security that proactively identifies and manages risks," (*Safety & Security Commitment*, Southwest Airlines, Nov. 2016), the reality is that Southwest travelers are extremely vulnerable to being sexually assaulted.

3.    Southwest passengers line up at the gate in ascending order in three pre-determined assigned boarding groups (A group, followed by B group, and then C group). Upon boarding the plane, travelers claim their preferred available seat in a first-come, first-to-pick arrangement. For families with children 6 and under, Southwest allows time for family boarding between its A and B boarding groups to prevent a situation where middle seats are the only options left for such children toward the latter end of the boarding process. Children who are 7 and above, like adults, generally must sit in whatever seating is available, often resulting in children being separated from their parents and left in a middle seat between strangers. These

---

[1] As reflected in the FBI advisory, the number of reported incidents of sexual assaults is substantially lower than the actual incidence of sexual assaults. The advisory is publicly available online at: https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-042618.

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**

1  dangerous conditions are exacerbated by the fact that Southwest repeatedly fails to
2  exercise its duties as a common carrier to monitor and control inebriated passengers
3  to ensure the safety and welfare of its other passengers, particularly minors isolated
4  from their families.

5      4.    For example, in December 2019, a mother and her 13-year-old
6  daughter, as well as other siblings, boarded an evening Southwest flight in Las
7  Vegas for the purpose of traveling to San Antonio during the Christmas holiday
8  break.  Because the family members could not sit in the same row, the 13-year-old
9  daughter was forced to sit in a row farther back on the plane.  The aisle seat was
10 occupied by a 25-year-old man who, when boarding the plane, was visibly
11 intoxicated and smelled of alcohol. After the flight left Las Vegas, the man sexually
12 abused the minor, which included fondling her breasts under her blanket and putting
13 his hand between her legs.  Embarrassed and afraid, the minor was unable to scream
14 and simply tried pushing his hand away.  Ultimately the flight landed in San
15 Antonio, where police officers were dispatched due to complaints from other
16 travelers that the perpetrator was touching other passengers.  The minor thereafter
17 sued Southwest for failing its duty as a common carrier to provide a safe flight for
18 its child passenger.  (*Nicole Cruz vs. Southwest Airlines*, Dallas County Court Case
19 No. DC-20-12312).  The Cruz case settled near the time that it was scheduled to go
20 to trial in July 2022.

21     5.    Despite settling the Cruz case, Southwest has done nothing to ensure it
22 meets its duty of care to its passengers, and particularly minors, as tragically
23 illustrated by what happened to Plaintiff on a Las Vegas flight in July 2022.  Once
24 again, Southwest did not live up to its duties and its public commitments, resulting
25 in yet another minor being terrorized and repeatedly sexually assaulted at 30,000
26 feet by an intoxicated male passenger on a holiday evening Las Vegas flight.
27 ///
28 ///

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff Zaine Hahn is a natural person who is a citizen and resident of the State of California. Defendant Southwest Airlines, Co. is a corporation incorporated under the laws of the State of Texas having its principal place of business in Texas. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (c)(2), and (d) because all defendants reside in this district.

## THE PARTIES

8.      Plaintiff Zaine Hahn is a citizen and resident of the State of California. Hahn was a minor, a United States citizen, and a resident of the State of California at all times materially relevant to this lawsuit.

9.      Defendant Southwest Airlines Co. is a corporation incorporated in the State of Texas, and having its corporate headquarters in the State of Texas. Southwest operates passenger air transportation services throughout the United States, including substantial operations within this District in the State of California. As such, Southwest is subject to personal jurisdiction in the State of California and it would be subject to the personal jurisdiction of this District if this District were a separate State.

## GENERAL ALLEGATIONS

10.      On July 4, 2022, Plaintiff's family was on its way from the San Diego area to Portland, Oregon for a family wedding. They booked their trip with Southwest.

11.      Plaintiff's itinerary required flying from San Diego to Las Vegas, Nevada and then changing planes to catch Southwest Flight 230 to Portland, Oregon. Prior to that day, Plaintiff had never flown on Southwest, and expected to be able to sit with his family.

-4-
**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**

12.     Plaintiff and his family landed in Las Vegas after 9:00 p.m. and boarded the new plane at approximately 9:55 p.m. Plaintiff and his family were assigned the C boarding group. On information and belief, Southwest Flight 230 had a total of approximately 143 seats and each group goes up to 60.  Accordingly, because of the short layover and Plaintiff's family's assignment to the C boarding group, Southwest knew that Plaintiff and his family would be among the very last passengers to board the aircraft, which they were.

13.     Because Plaintiff and his family were among the very last to board, Plaintiff was unable to find a seat next to a parent. Instead, a Southwest flight attendant directed him to the only vacant seat remaining, which was a middle seat near the back of the plane between two adult men. When Plaintiff sat in the middle seat, he was unable to see his father, who, due to Southwest's seating policy, was forced to sit closer to the front of the plane.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**

14.     In the aisle seat was a heavyset man (hereinafter "the Perpetrator") who was approximately 50 years old, and reeked of alcohol after having clearly overindulged in Las Vegas during the holiday[2] celebration.  He wore sunglasses, a sleeveless shirt, and black shorts.  Plaintiff, who was 16 years old, experienced immediate anxiety mitigated only by the fact that his seat was mere steps from the flight attendant area in the back of the plane.



15.     Tragically, the flight attendants did not take any steps to monitor the extremely dangerous circumstances Plaintiff found himself in during the flight. Shortly after departure, when the crew darkened the cabin lights, the passenger in the window seat fell asleep.  The Perpetrator, who, unbeknownst to Plaintiff, was a pedophile, began assaulting Plaintiff, trapped in his middle seat while the window seat passenger slept.

16.     Initially, the Perpetrator grabbed at Plaintiff's thigh several times, saying he "grabs stuff" when he gets scared.

---

[2] The fact that the flight was leaving "Sin City" late in the evening on a national holiday made it all the more foreseeable to Southwest that noticeably inebriated passengers had consumed alcohol to excess.

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**

17.    The Perpetrator then mumbled something incoherently, and, as Plaintiff turned toward him, the Perpetrator grabbed Plaintiff's face and attempted to kiss him, and said, "you're cute," when Plaintiff pulled away.

18.    The Perpetrator then twice touched Plaintiff's thigh and moved his hand toward Plaintiff's groin in an attempt to get inside Plaintiff's shorts. Despite Plaintiff's attempts to push the Perpetrator's hand away, the Perpetrator managed repeatedly to grab Plaintiff's genitals through the outside of Plaintiff's shorts.

19.    The Perpetrator additionally grabbed Plaintiff's hand and twice tried to have Plaintiff touch the Perpetrator's penis.

20.    The sexual assault continued to escalate. The Perpetrator shoved his hand in Plaintiff's groin area and attempted to reach toward Plaintiff's anus. Plaintiff again pushed the Perpetrator's hand away.

21.    Not stopping there, the Perpetrator rubbed Plaintiff's stomach and attempted again attempted to reach down inside the front waistband of Plaintiff's shorts, forcing Plaintiff to grab the Perpetrator's hand with both of Plaintiff's hands to shove it away.

22.    The Perpetrator also leaned on Plaintiff and rubbed Plaintiff's chest and nipple area before Plaintiff could push him off.

23.    Emboldened by the lack of any flight attendant intervention or monitoring, the Perpetrator's repeated sexual assaults lasted until the flight began its final descent into Portland. Throughout the flight, Plaintiff, a minor, was stricken with fear for his safety. He was unable to alert his parents since they were sitting apart from him and he was afraid of what the Perpetrator would do to prevent, or in retaliation for, any efforts by Plaintiff to inform his parents.

///

///

///

///

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**

24.    Upon arrival in Portland, the passengers deboarded, including the Perpetrator.



25.    Plaintiff, still frightened and in a state of shock, deboarded the plane to rejoin his family.  After confirming that the Perpetrator was not in the vicinity, he broke down in tears and informed his parents of the assault.

26.    Plaintiff's parents immediately contacted the Port of Portland Police Department, which initiated an investigation.

27.    As a result of the foregoing, Plaintiff felt terrorized and has suffered, continues to suffer, and will continue to suffer severe pain and suffering, emotional distress, humiliation, mental anguish, loss of enjoyment of life and other consequential damages, including but not limited to costs of past, current, and future care.

///

## **FIRST CLAIM FOR RELIEF**

### **Negligence**

28.    Hahn realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29.    At all material times, Southwest is and was a common carrier, and owed a heightened duty of care as a common carrier to its passengers, including Plaintiff. Moreover, common carriers owe a greater quantum of care to a child passenger such as Plaintiff than it even owes to an adult passenger. A common carrier's heightened duty of care to its passengers, including Plaintiff, includes a duty to protect its passengers against assaults from fellow passengers.

30.    The particular circumstances of the flight, leaving Las Vegas in the night on a national holiday, increased the probability that passengers were intoxicated. Furthermore, Southwest knew that its seating policy would likely separate later-boarding children from their parents, placing such children next to intoxicated adult strangers.

31.    Southwest breached its duties as common carrier, and/or its duties to act with ordinary prudence as to Plaintiff in at least the following ways:

    a.    Failing to use the utmost care and diligence for the safe carriage of Plaintiff;

    b.    Failing to act as a cautious and prudent carrier would under the same or similar circumstances;

    c.    Failing to exercise a high degree of care to avoid foreseeable risk of harm to Plaintiff, a minor passenger, trapped in a middle seat next to the intoxicated Perpetrator, and separated from his parents;

    d.    Failing to exercise a high degree of care in monitoring its passengers during the flight, especially a late flight departing Las Vegas, which reasonably foreseeably included intoxicated passengers including the Perpetrator;

    e.    Failing to exercise a high degree of care by not relocating

1 | Plaintiff or the intoxicated Perpetrator;

2 |       f.     Failing to adopt, implement, maintain and enforce adequate

3 | safety policies and procedures that a reasonable and prudent carrier would have

4 | adopted, implemented, maintained and enforced under the same or similar

5 | circumstances; and

6 |       g.     Failing to provide adequate training to its flight attendants

7 | regarding safety policies and procedures.

8 |      32.    Southwest's failures in fact rose to the level of gross negligence,

9 | because Southwest's actions and omissions as stated above amount to the lack of

10 | any care or an extreme departure from what a reasonably careful person would do in

11 | the same situation to prevent harm.

12 |      33.    As a direct and proximate result of Southwest's actions and omissions,

13 | Plaintiff sustained damages, including but not limited to severe pain and suffering,

14 | emotional distress, humiliation, mental anguish, loss of enjoyment of life and other

15 | consequential damages, including but not limited to costs of past, current, and future

16 | care.

17 |      34.    Plaintiff is therefore entitled to recover damages in an amount to be

18 | proven at trial, and other relief that the Court may deem proper.

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Zaine Hahn respectfully prays for relief as follows:

      a.    For compensatory general damages in an amount to be proven at trial;

      b.    For special damages in an amount to be proven at trial;

      c.    For prejudgment interest;

      d.    For reasonable costs of this suit; and

      e.    For such other and further relief as the Court deems just and proper.

DATED:  July 17, 2024        GREENBERG GROSS LLP

By:    */s/ Daniel S. Cha*
        Wayne R. Gross
        Brian L. Williams
        Jemma E. Dunn
        Daniel S. Cha
        Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

Plaintiff Zaine Hahn hereby respectfully demands a trial by jury on all issues and claims.


DATED:  July 17, 2024          GREENBERG GROSS LLP



By:    _/s/ Daniel S. Cha_
          Wayne R. Gross
          Brian L. Williams
          Jemma E. Dunn
          Daniel S. Cha
          Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE**