Richard A. Lazenby, Esq. (State Bar No. 202105)
Email: *rlazenby@victorrane.com*
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ZAINE HAHN, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHWEST AIRLINES CO., <br><br> Defendant | Case No.: 8:24-cv-1581-JFW-ADS <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF SOUTHWEST AIRLINES CO. TO PLAINTIFF'S COMPLAINT** |

Defendant Southwest Airlines Co. (hereinafter "Southwest"), by and through its attorneys, Victor Rane, hereby answers Plaintiff Zaine Hahn's (hereinafter "Plaintiff") Complaint as follows:

### AS TO THE INTRODUCTION IN THE COMPLAINT

1. The allegations of paragraph 1 of Plaintiff's Complaint are not directed to Southwest and do not require a response. To the extent that they do, Southwest is without sufficient knowledge to form a belief as to the truth of the allegations and, on this basis, denies the allegations.

/ /

2. Southwest denies the allegations in Paragraph 2 of the Complaint, except that Southwest admits that it is committed to safety.

3. As to the allegations in paragraph 3 of Plaintiffs' Complaint, Southwest denies those allegations, except that Southwest admits that passengers board according to assigned boarding groups and choose available seats once onboard, except that passengers traveling with children can board earlier and/or request assistance regarding boarding and/or seating from gate agents and/or flight attendants.

4. Southwest denies the allegations in paragraphs 4 and 5 of Plaintiff's Complaint, except that Southwest admits that a lawsuit was filed by Nicole Cruz against Southwest in Texas.

## AS TO THE ALLEGATIONS REGARDING JURISDICTION AND VENUE

5. As to the allegations in paragraphs 5 and 6 of Plaintiff's Complaint, Southwest admits that the Court has jurisdiction over this matter and that venue is proper, but is without sufficient information to form a belief as to the truth of the remaining allegations and, on this basis, denies the allegations.

## AS TO THE ALLEGATIONS REGARDING THE PARTIES

6. As to the allegations in paragraphs 8 and 9 of Plaintiff's Complaint, Southwest is without sufficient knowledge to form a belief as to the truth of the allegations and, on this basis, denies the allegations, except that Southwest admits that it is an air carrier engaged in the business of transporting passengers and cargo for hire, with its principal place of business in Dallas, Texas and that it operates flights in the State of California.

## AS TO THE GENERAL ALLEGATIONS

7. As to the allegations in paragraphs 10, 11 and 12 of Plaintiff's

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1 Complaint, Southwest is without sufficient knowledge to form a belief as to the
2 truth of the allegations and, on this basis, denies the allegations, except that
3 Southwest admits that Plaintiff was a passenger onboard Southwest Airlines flight
4 230 from Las Vegas to Portland, Oregon on or about July 4, 2022.

5  8. As to the allegations in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21,
6 22, 23, 24, 25, 26 and 27 of Plaintiff's Complaint, Southwest is without sufficient
7 knowledge to form a belief as to the truth of the allegations and, on this basis,
8 denies the allegations, except that Southwest admits that Plaintiff did not alert
9 anyone of the facts alleged during the flight, and that Plaintiff and/or someone
10 acting on his behalf filed a report with Port of Portland Police after landing.

## AS TO THE FIRST CLAIM FOR RELIEF

9. As to the allegations in paragraphs 28, 29 and 30 of Plaintiff's Complaint, Southwest denies the allegations therein, except that Southwest admits that it is and was a common carrier.

10. Southwest denies the allegations in paragraphs 30, 31, 32, 33 and 34 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

11. Plaintiff's Complaint is barred on the grounds that it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

12. Plaintiff's claims and alleged damages are limited, excluded and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified at 49 U.S.C. § 1301 et seq., now re-codified

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

and incorporated into 49 U.S.C. § 40101 et seq), and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

13. Plaintiff's claims and alleged damages are further limited, excluded and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101-44310 (1994)).

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

14. The damages allegedly sustained by Plaintiff were not proximately caused by any negligence or culpable conduct on the part of Southwest.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

15. The incident alleged in the Complaint, and the damages Plaintiff allegedly sustained, were caused by an intervening and superseding cause, and were not caused by Southwest.

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

16. If Plaintiff has received remuneration or compensation for some or all of his claimed economic losses, Southwest is entitled to have Plaintiff's award, if any, reduced by the amount of said remuneration or compensation.

/ /

/ /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

ANSWER AND AFFIRMATIVE DEFENSES OF SOUTHWEST AIRLINES CO. TO PLAINTIFF'S COMPLAINT
CASE NO 8:24-CV-1581-JFW-ADS
- 4 -

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

17. Should it be found that Plaintiff sustained damages for which Southwest is responsible, which is expressly denied, Southwest is entitled to a setoff for any collateral source payments paid or payable to Plaintiff, and for any settlements reached with persons or parties other than Southwest for the damages alleged by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

18. Pursuant to the provisions of California Civil Code § 1431.2, Southwest's liability, if any, for Plaintiff's alleged non-economic damages shall be several only and not joint, and Southwest shall be liable only for the amount of non-economic damages allocated to it in direct proportion to its percentage of fault.

## NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

19. Plaintiff's damages, if any, should be reduced or barred, because Plaintiff failed to exercise reasonable care and diligence to mitigate Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

20. Southwest's liability, if any, with respect to Plaintiff's alleged damages is further limited or excluded in accordance with its conditions of carriage, conditions of contract and tariffs.

## ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

21. Plaintiff's Complaint and each and every cause of action alleged in

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

Plaintiff's Complaint are barred, in whole or in part, because Southwest's conduct was in conformity with and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

### TWELFTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

22. The incident alleged in Plaintiff's Complaint, and the damages Plaintiff allegedly sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Southwest; however, in the event that a finding is made that negligence exists on the part of Southwest, which proximately contributed to the damages alleged in Plaintiff's Complaint, Southwest's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which Plaintiff seeks recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE
### TO EACH AND EVERY CAUSE OF ACTION

23. Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than Southwest; however, in the event a finding is made that liability exists on the part of Southwest, Southwest is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

WHEREFORE, Southwest prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint;

2. That Southwest be awarded costs of suit incurred herein; and

3. For such other and further relief as the court deems just and proper.

//

//

//

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

Dated: August 28, 2024

Respectfully submitted,

By: *[signature]*
Richard A. Lazenby
VICTOR RANE
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

ANSWER AND AFFIRMATIVE DEFENSES OF SOUTHWEST AIRLINES CO. TO PLAINTIFF'S COMPLAINT
CASE NO 8:24-CV-1581-JFW-ADS

- 7 -